[L. A. No. 3623.   Department One.—March 7, 1916.]

ALBERT PABST, Appellant, v. ELIZA SHEARER et al., Respondents.

HUSBAND AND WIFE—DEED TO WIFE—PRESUMPTIONS—TENANTS IN COMMON—SEPARATE PROPERTY.—Under section 164 of the Civil Code, as amended in 1897, a deed to a man and his wife pre-sumptively vests the property in them as tenants in common, and a deed to the wife alone presumptively vests the property in her as her separate property.

ID.—EFFECT OF PRESUMPTIONS—EVIDENCE TO OVERCOME.—Such pre-sumptions are not conclusive, and may be overcome by evidence sufficient to establish that the property, although conveyed to the wife, was in fact community property.

ID.—DISPUTABLE PRESUMPTION AS EVIDENCE.—A presumption declared by statute, although disputable, is itself evidence, and it is for the trial court to say whether the evidence offered to overthrow it has sufficient weight to effect that purpose.

ID.—FINDING IN ACCORDANCE WITH PRESUMPTION.—Against a proved fact, or a fact admitted, a disputable presumption has no weight, but where it is undertaken to prove the fact against the presumption, it still remains with the jury to say whether or not the fact has been proven; and, if they are not satisfied with the proof offered in its support, they are at liberty to accept the evidence of the presumption.

ID.—FINDING—PROPERTY NOT PURCHASED WITH COMMUNITY FUNDS.—In this action by a surviving husband to have land standing in the name of his wife declared to be community property, the evidence is held sufficient to justify the trial court's conclusion that the property was not purchased with community funds.

ID.—INTENTION OF HUSBAND TO MAKE GIFT TO WIFE.—If the property had been purchased with community funds, the presumptions arising from the face of the deeds to the wife required the husband to further show that he had not caused the conveyances to be made to her with the intention on his part to make a gift of the property to her.

ID.—COURT MAY DISREGARD HUSBAND'S TESTIMONY OF HIS INTENTION.—The testimony of the husband that he had no such intention, while competent, was not conclusive on the trial court, if, in its view of the circumstances, it deemed the testimony improbable.

ID.—DECLARATIONS OF WIFE AS TO STATUS OF PROPERTY.—In such action, evidence of the wife's declarations that she had the property fixed so that if she died first it would all belong to her husband, and if he died first it would all belong to her, is immaterial on the issue as to the status of the property.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

George L. Keefer, and Ben. W. Utter, for Appellant.

E. R. Young, for Respondent Eliza Shearer.

SLOSS, J.—Margaret Pabst died in November, 1911. The plaintiff, Albert Pabst, is her surviving husband. Eliza Shearer, defendant and respondent, is the mother of Margaret

Pabst. Plaintiff and Mrs. Shearer were the sole heirs of Margaret Pabst, entitled to share equally in any separate estate left by her.

This action was instituted by Albert Pabst to quiet title to four lots of land in the county of Los Angeles. The contention was that these lots constituted community property of himself and his wife Margaret, and that upon her death he succeeded to the entire ownership. The answer of Mrs. Shearer asserted that she was the owner of an undivided one-half interest in the property, which, as she claimed, had been the separate property of Margaret.

The court found that at the time of Margaret Pabst's death, she and Albert Pabst were the owners, as tenants in common, of three of the lots, and that the fourth lot was the sole and separate estate of Margaret Pabst. Since the interest of Margaret Pabst passed equally to her husband and her mother, the court concluded that the plaintiff owned a three-fourths interest in the three lots which had been owned by the plaintiff and his wife as tenants in common, and that the plaintiff and Mrs. Shearer each owned an undivided one-half interest in the lot found to have been owned by Mrs. Pabst alone. Judgment was entered accordingly. Plaintiff appeals from the judgment, and from the order denying his motion for a new trial.

The principal point urged on the appeal is that the evidence does not support the findings in so far as they declare that any part of the property was the separate estate of Margaret Pabst. Albert and Margaret Pabst were married in 1900 in Kansas City, Missouri. They came to California a couple of years later. On January 24, 1906, lot 98 of the Hollywood Park tract was conveyed by the Title Insurance and Trust Company to "Margaret Pabst and Albert Pabst, her husband." The effect of such deed was, presumptively, to vest the property in the husband and wife as tenants in common. (Civ. Code, sec. 164.) On November 6, 1907, Edward D. Silent, trustee, conveyed to Mrs. Margaret Pabst lot 33, Euclid Crest. On April 30, 1908, the same grantor conveyed to Mrs. Margaret Pabst lot 32 of Euclid Crest. On February 14, 1906, Fred L. Paul and wife conveyed lot 18 of Paul Place to "Margaret Pabst and Albert Pabst, her husband, joint tenants with right of survivorship." On May 25, 1908, Albert Pabst, the plaintiff, executed a deed describ-

ing the lot last mentioned. This instrument ·is most informal, and at first glance confusing, in its phraseology. We have no doubt, however, that it should be interpreted as purporting to convey to Margaret Pabst the one-half interest in the property theretofore held by Albert Pabst as joint tenant.

On the face of the conveyances above described, it will be seen that the title to the property stood as follows: The Hollywood Park lot had been conveyed to Albert Pabst and Margaret Pabst as tenants in common. The two Euclid Crest lots and the Paul Place lot had been conveyed to Margaret Pabst alone. Under the express provision of section 164 of the Civil Code, as amended in 1897, the presumption is, therefore, that the undivided one-half interest in the first lot, and the entire interest in the three other lots, was vested in Margaret Pabst as her separate property. The presumption thus declared is, of course, not conclusive. It may be overcome by evidence sufficient to satisfy the court that the property in question, although conveyed to the wife, was in fact community property. (*Fanning* v. *Green,* 156 Cal. 279, [104 Pac. 308].) The plaintiff endeavored to introduce such evidence, and contends that he did establish that all of the property was purchased with money earned by him after the marriage, and that he had not made a gift thereof to his wife. A painstaking and ingenious argument is made in this behalf, the appellant contending that the proof regarding the property owned by Albert and Margaret at the time of their marriage, and that acquired by them thereafter, leads inevitably to the conclusion that all of the money that went to buy these lots was community property. But we cannot agree with this contention. It must be remembered that a presumption declared by statute, although disputable, is itself evidence, and that it is for the trial court to say whether the evidence offered to overthrow the presumption has sufficient weight to effect that purpose. (*People* v. *Milner,* 122 Cal. 171, [54 Pac. 833] ; *Sarraille* v. *Calmon,* 142 Cal. 651, [76 Pac. 497] ; *Adams* v. *Hopkins,* 144 Cal. 19, [77 Pac. 712] ; *Moore* v. *Gould,* 151 Cal. 723, [91 Pac. 616] ; *People* v. *Siemsen,* 153 Cal. 387, [95 Pac. 863].) As we said in *People* v. *Milner,* 122 Cal. 179, [54 Pac. 837], "against a proved fact, or a fact admitted, a disputable presumption has no weight, but where it is undertaken to prove the fact against the presumption, it still remains with the jury to say whether

or not the fact has been proven; and, if they are not satisfied with the proof offered in its support, they are at liberty to accept the evidence of the presumption.'' In this case the court below was evidently not satisfied with the proof offered by plaintiff to overthrow the presumption arising from the face of the deeds. We cannot say that such proof was of so clear a character that the court was bound to accept it as supporting the conclusion which plaintiff sought to draw from it.

Before the Pabsts came to California they had owned a house and lot in Kansas City. The lot had been bought shortly after their marriage, and title had been taken in the name of Mrs. Pabst. In the absence of evidence to the contrary, we must assume that the law of Missouri is the same as our own. This lot was, therefore, presumptively the separate property of Mrs. Pabst. Furthermore, there was direct evidence to the effect that she had, at the time of the marriage, more than enough money to pay for the lot, and that she did in fact pay for it out of her own separate funds. A house was built on the lot, and some, at least, of Margaret's money went into the construction of this house. The court was therefore fully justified in believing that a considerable interest in the house and lot, if not the whole, was the separate estate of the wife. For several years before any of the property here in controversy was acquired, the house in Kansas City had been rented for twenty-five dollars per month and the rents had been received by Margaret. The court had the right to believe that Margaret's one-half interest in the Hollywood Park lot, first acquired by the parties, was paid for with the separate property of the wife. Before the other parcels were bought, the property in Kansas City was sold for two thousand five hundred dollars, of which one thousand dollars was paid to Mrs. Pabst in cash. The balance was payable in installments, and was subsequently paid. Here was a considerable sum of money, which belonged wholly or in large part to Margaret Pabst in her separate right, and which probably, under the evidence, went into the purchase of these three lots and the construction of such improvements as were put thereon. On the other hand, the elaborate computation by which plaintiff seeks to show that his earnings purchased all of this property is based en-

tirely upon his own testimony relative to his income and expenditures—a statement which the court was not bound to accept as thoroughly accurate. No books of account had been kept, and the figures given by plaintiff rested largely on estimates made by him.

Under these circumstances, it cannot be doubted that the court was authorized, upon the evidence introduced, to conclude that the plaintiff had failed to establish that the property was purchased with community funds. Even if it had been so purchased, the presumptions arising from the face of the deeds required the plaintiff to go further, and show that he had not caused the conveyances to be made to the wife with the intention on his part to make a gift of the property to her. He did testify that he had no such intention. This testimony was no doubt competent, but the court was not bound to accept it as true if in its view of the circumstances these declarations of the plaintiff seemed to it to be improbable. (*Fanning* v. *Green,* 156 Cal. 279, [104 Pac. 308].) Indeed the court would have been justified in going further, and finding that the two Euclid Crest lots were the separate property of the wife. It did not, however, do this, holding that the plaintiff had, at the time of his wife's death, a one-half interest in these as well as in the Hollywood Park lot. On the entire case, the findings were fully as favorable as the appellant had a right to demand.

Several witnesses called by plaintiff testified that Mrs. Pabst had stated that she had the property fixed so that if she died first it would all belong to her husband, and if he died first it would all belong to her. We do not see that this testimony strengthened the plaintiff's case. It did not correctly represent the status which the property would have had if it had been community property. At most it evidenced Mrs. Pabst's opinion, correct or mistaken, regarding the legal consequences of the transactions between herself and her husband.

Some rulings on evidence are assigned as error, but we do not think that any of them was substantially prejudicial, if erroneous. The principal point made is that certain evidence designed to show the conduct of the husband and wife with reference to the purchase of these lots was excluded. But the material facts were fully brought out, it being made to

appear that the wife handled all of the money and conducted all of the transactions without his interposition.

The judgment and the order denying a new trial are affirmed.

Shaw, J., and Lawlor, J., concurred.