[L. A. No. 4159. Department One.—March 23, 1918.]

HOWARD J. GILMOUR, Appellant, v. NORTH PASADENA LAND AND WATER COMPANY (a Corporation), et al., Respondents.

HUSBAND AND WIFE—DEED TO BOTH—PRESUMPTION—SEPARATE PROPERTY.—Under section 164 of the Civil Code as amended in 1889 (Stats. 1889, p. 328), a conveyance of property to a married woman and her husband presumptively vested an undivided one-half interest in the wife as her separate property.

ID.—REBUTTABLE PRESUMPTION.—Such presumption is not conclusive, except with respect to a *bona fide* purchaser for value, and may be overcome by evidence showing that, notwithstanding the form of the conveyance, the property belongs to the community.

ID.—COMMUNITY CHARACTER.—BURDEN OF PROOF.—Where a deed of conveyance has been made to a husband and wife, the burden of proving the community character of the property rests on the husband.

ID.—PROPERTY ACQUIRED WITH COMMUNITY FUNDS—GIFT—INTENT.—Where property conveyed to husband and wife is purchased with community funds, the property acquired would be community property unless there was an intent on the part of the husband to make a gift to the wife of the interest transferred to her name.

ID.—EVIDENCE—FORM OF CONVEYANCE.—The fact that a conveyance of property purchased with community funds is made in form to both the husband and the wife is itself some evidence of an intent on the part of the husband to make a gift to the wife of the interest conveyed to her.

ID.—QUESTION OF FACT.—The husband's testimony in such case that he did not intend to make a gift to the wife is not conclusive, but the intent accompanying the act is to be inferred by the court or jury from all the circumstances.

ID.—EVIDENCE SUSTAINING FINDINGS.—Evidence found sufficient to sustain a finding of fact supporting the presumption that a conveyance to a husband and wife vested the undivided one-half of the property in the wife.

COSTS—REPRESENTATIVE DESCRIPTION—INDIVIDUAL LIABILITY.—The fact that parties plaintiff in an action described themselves in their complaint as a "water committee for residents of Block A, etc.," does not alter their status as parties to the action, and a judgment for costs runs against them as individuals.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John M. York, Judge.

The facts are stated in the opinion of the court.

Wm. Lewis, for Appellant.

Porter & Sutton, for Respondents.

SLOSS, J.—In 1910, Mrs. H. J. Gilmour (the wife of the plaintiff and appellant in the present action), together with Arizona Garrison and Mary F. Taylor, commenced an action against North Pasadena Land and Water Company, a corporation. That action resulted in a judgment in favor of the defendant and against the plaintiffs for $378.05, costs of suit. The judgment was affirmed on appeal. (*Garrison* v. *North Pasadena L. & W. Co.*, 163 Cal. 235, [124 Pac. 1009].)

In March, 1913, the judgment creditor caused execution to be issued and placed in the hands of the sheriff of Los Angeles County. The sheriff levied on all the right, title, and interest of Mrs. H. J. Gilmour in and to two lots in the city of Pasadena, and was about to sell them when the plaintiff commenced the present action to enjoin such sale. The complaint alleged, in effect, that the lots were community property of the plaintiff, Howard J. Gilmour, and his said wife, and that the threatened sale would cast a cloud upon plaintiff's title. An application for a temporary injunction was denied, and the property was sold by the sheriff to J. E. Garrison, who had become the assignee of the judgment obtained by North Pasadena Land and Water Company. The sum bid by Garrison was $185, which was credited on the judgment. The assignment to Garrison and the execution

sale to him were set up by a supplemental complaint, in which the plaintiff asked that Garrison be made a party, and that the execution sale and the sheriff's certificate issued thereunder be "decreed to be clouds upon the plaintiff's title."

The answer denied, among other things, that the lots were community property of the plaintiff and his wife, and the court found against the averments of the complaint in this behalf. Judgment was entered in favor of the defendants. Plaintiff's motion for a new trial having been denied, he appeals from the order of denial, and from the judgment.

The plaintiff attacks as unsupported the finding relative to the ownership of the lots sold. The instrument under which plaintiff claimed title was a deed made in 1908, granting the property "to Howard J. Gilmour and Sarah J. Gilmour, his wife." Under section 164 of the Civil Code, as amended in 1889 [Stats. 1889, p. 328], such conveyance presumptively vested an undivided one-half interest in the wife, as her separate property. Except as against a *bona fide* purchaser for value—and it is not claimed that the defendants come within this category—the presumption is, however, not conclusive. It may be overcome by evidence showing that, notwithstanding the form of the conveyance, the property conveyed belongs to the community. (*Fanning* v. *Green,* 156 Cal. 279, [104 Pac. 308].)

The burden of proving the community character of the property rests on the husband. (*Alferitz* v. *Arrivillaga,* 143 Cal. 646, [77 Pac. 657].) If, as appears to have been the case here, the purchase price consisted of community funds, the property acquired would become community property, unless there was an intent on the part of the husband to make a gift to the wife of the interest transferred to her name. (*Fanning* v. *Green, supra.*) But the form of the conveyance is itself some evidence of an intent to make such gift. (*Shaw* v. *Bernal,* 163 Cal. 262, [124 Pac. 1012].)

The appellant contends that the undisputed evidence shows conclusively that the husband had no intent to make a gift of any part of the property to his wife. We cannot assent to this claim. The presumption declared by section 164, "although disputable, is itself evidence, and it is for the trial court to say whether the evidence offered to overthrow the presumption has sufficient weight to effect that purpose."

(*Pabst* v. *Shearer,* 172 Cal. 239, [156 Pac. 466].)    The testimony relied on by the appellant in this behalf was by no means clear.    While both spouses were careful to say that the land was conveyed to them "as community property," their further and more specific statements indicated that the deed was made to both because of the wife's demand, agreed to by the husband, that she should have a separate interest in the property.    The intent accompanying the act is to be inferred by the court or jury from all the circumstances, and the party's own testimony that he did not intend to make a gift, while competent, is not conclusive.    It certainly cannot be said, in view of the character of the evidence in this case, that the court was not authorized to find that the presumption had not been overcome.    In *Fanning* v. *Green,* 156 Cal. 279, [104 Pac. 308], as in *Fulkerson* v. *Stiles,* 156 Cal. 703, [26 L. R. A. (N. S.) 181, 105 Pac. 966], cited by appellant, the trial court had found that, notwithstanding the form of the conveyance, the property was, in fact, community property, and in each case the finding was held to be sustained by the evidence.    If the trial court had found the other way on the evidence, its finding might equally have been upheld on appeal.    In the present case, the evidence offered to overcome the statutory presumption is decidedly less direct and convincing than it was in the cases referred to.

If the wife was the owner of an undivided one-half interest in the lots, the plaintiff was, of course, not entitled to prevent a sale of her interest, or to have such sale, once made, set aside.

The contention that Mrs. Gilmour was not personally liable on the judgment for costs is without merit.    The former action was brought by her and her two coplaintiffs, and the judgment for costs ran against them as individuals.    The fact that they described themselves in their complaint as a "water committee for residents of Block A, etc.," does not alter their status as parties to the action.

It is further claimed that the judgment in the former suit had been paid and satisfied by Garrison.    But the finding is to the contrary, and it is fully supported by evidence indicating that Garrison did not pay the judgment, but merely took an assignment thereof from the North Pasadena Land and Water Company.

The views herein expressed render immaterial any other points urged in the briefs.

The judgment and the order denying a new trial are affirmed.

Richards, J., *pro tem.*, and Shaw, J., concurred.