[Civ. No. 2084.  Third Appellate District.—February 24, 1920.]

AUGUST AUENER, Appellant, v. MARTHA JANE SUITER, Respondent.

[1] HUSBAND AND WIFE—CONVEYANCE TO WIFE AS SOLE GRANTEE—PRESUMPTION—EVIDENCE.—Where the wife holds a grant, bargain, and sale deed of property executed to h..' as sole grantee, the presumption is that the title is thereby vested in her as her separate property, and that presumption is itself evidence which may outweigh the positive testimony of witnesses against it, and will stand as evidence in the case until it is overthrown by other evidence.

[2] ID.—PURCHASE OF PROPERTY WITH COMMUNITY FUNDS—DENIAL OF GIFT BY HUSBAND—CONFLICT OF EVIDENCE—FINDING.—In an action by the husband to quiet title to real property which, at the time of purchase, was conveyed by the vendor to the wife by a grant, bargain, and sale deed and by her conveyed to defendant, evidence showing that the property was purchased with community funds and testimony of the husband that he did not give the property to his wife only raises a conflict of evidence, and a finding in accordance with the presumption declared in section 164 of the Civil Code has evidence to support it.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Charles Monroe, Judge.  Affirmed.

The facts are stated in the opinion of the court.

W. F. Palmer for Appellant.

Walter F. Dunn and John P. Dunn for Respondent.

ELLISON, P. J., *pro tem.*—The plaintiff brought this action to quiet title to certain lots in the town of Monrovia, Los Angeles. The complaint is in the usual form, merely alleging the plaintiff's ownership and that defendant, without right, claims an interest in the property. The answer consists of a denial of the allegations of the complaint and of a claim of ownership in the defendant. The findings of the court were to the effect that the plaintiff is not the owner of the property. Judgment was entered in favor of the defendant, from which the plaintiff appeals.

The evidence shows that the plaintiff was the husband and the defendant the mother of Osa W. Auener; Osa W. Auener died June 16, 1916; for some time prior to her death Osa W. Auener held the legal title to the lots in question, they having been deeded to her by Mrs. Marsh and her husband by a grant, bargain, and sale deed; just prior to her death Osa W. Auener executed a grant, bargain, and sale deed of the lots to her mother, the defendant herein, and it is under this deed that she claims.

It is the plaintiff and appellant's position that, while the record title to the lots was in his wife, they were community property, having been purchased with money, the community property of himself and wife. The finding in favor of the defendant is an implied finding that the lots, at the time of the transfer to the defendant, were the separate property of the deceased spouse.

The only point raised on the appeal is that the holding of the court that the lots were the separate property of the deceased spouse is not sustained by the evidence.

Section 164 of the Civil Code provides: "Whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property."

"A presumption is a deduction which the law expressly directs to be made from particular facts," and unless controverted the finding must be according to the presumption (Code Civ. Proc., secs. 1959, 1961).

"By reason of the deeds the wife became presumptively the owner of the lands therein described as her separate

property. It was therefore incumbent on plaintiffs to over-throw this presumption by sufficient and proper evidence. The burden was on the plaintiff to show by sufficient evidence that the lands so conveyed to the wife were community property. This evidence must have been sufficient to justify the court in finding as a fact that the lands were community property . . .

"Here all presumptions are in favor of the conveyance to the wife. They are presumed to have been made for a consideration paid by the wife, or, if we concede that the consideration was paid by the husband, it will be presumed that the property was intended as a gift to the wife as her separate property. The law will not allow idle presumptions to be indulged in as against a deed delivered and recorded. Facts must be proved from which it is clearly made to appear that the property in such case is community property or the deed will be given effect according to its terms." (*Alferitz* v. *Arrivillaga*, 143 Cal. 646, 649, [77 Pac. 657, 658].)

Tested by the principles extracted from the above decision, we are of the opinion that the finding of the court to the effect that the lots in question were the separate property of the deceased spouse cannot be disturbed.

Briefly stated, it appears that the plaintiff and Osa, his wife, were married October 6, 1905, in Indiana, and lived continuously as husband and wife until her death. When married, appellant was a millinery traveling salesman. He owned some lots and was earning $150 per month. His wife had neither money nor property. Appellant traded lots and some cash for a building and sold the same so as to have $2,000. That fall he became sick, was in the hospital six weeks, and ever since has been crippled and walks with great difficulty. He afterward lived in different cities of Colorado, California, Washington, Oregon, and Nevada. The wife was employed at times as a milliner, and earned from twenty dollars to thirty-five dollars per week, and off this they lived.

In 1911 they had accumulated some $2,414.21; out of this he paid one thousand seven hundred dollars on some Tulare County lands and the contract to purchase them was taken in their joint names. The wife took some of the money left after making the payment on the Tulare land and opened a

millinery store at Redlands. Out of the money she earned in the Redlands business she paid $122.50 interest and five hundred dollars principal on the Tulare lands. At the time she paid the five hundred dollars on the Tulare lands she told the grantor that all the money paid on it was hers and demanded a deed in her name alone. The deed was so executed. Appellant was then in the east and knew nothing about the deed being made to his wife until he returned in August or September, 1912. Subsequently, the Tulare lands were exchanged for the lots in dispute and the deed therefor made to her alone. Without going into more details of the life and business affairs of the parties, it is sufficient to say that from all the evidence in the case it must be held that the property in dispute was bought with community property and funds.

As to the naming of the wife alone in the deed to the lots in controversy, the appellant testified that he first became aware of the fact that only his wife's name appeared in the deed after it was executed and sent to Santa Barbara. "I knew she wanted it in her name. Q. Did you have any conversation in reference to it? A. Well just in a general way. Q. What was said by yourself and wife at that time? A. Well, she always contended that in the condition I was in that I would pass away first, in other words, she told me if the property was in her name it would save some possible trouble and expense. This was before the deed was executed." The appellant also testified he did not make a gift of this property to his wife.

[1] We have, then, a case where the wife held a grant, bargain, and sale deed of the property executed to her as sole grantee. This is strong evidence in favor of the respondent's case and must prevail unless overcome by other evidence.

"It is true that the presumption established by section 164 of the Civil Code is not conclusive but may be disputed and overcome by other testimony. Nevertheless, however, the presumption is itself evidence which may outweigh the positive testimony of witnesses against it, and will stand as evidence in the case until it is overthrown by other testimony." (*Volguards* v. *Myers*, 23 Cal. App. 500, [138 Pac. 963].)

[2] The other evidence in the case showing the community source of the purchase price, the testimony of the

plaintiff that he did not give the property to his wife, only raises a conflict of evidence upon the issue, and the force of it as tending to overcome the presumption was somewhat weakened by the appellant's testimony to the effect that before the deed was made he and his wife had talked it over and she wanted it in her name because she thought he would die first and such a deed would cause her less expense and trouble.

"The presumption declared in section 164, although disputable, is itself evidence, and it is for the trial court to say whether the evidence offered to overthrow the presumption has sufficient weight to effect that .purpose." (*Pabst v. Shearer,* 172 Cal. 239, [156 Pac. 466]; *Gilmour v. North Pasadena Land etc. Co.,* 178 Cal. .6, [171 Pac. 1066].)

Treating the presumption as evidence, we have a case wherein the trial court has made a finding upon conflicting evidence. It has found that the presumption has not been overcome. Its finding has evidence to support it. We see no legal cause to interfere with its conclusions.

The judgment is accordingly affirmed.

Hart, J., and Burnett, J., concurred.