[Civ. No. 7609. First Appellate District, Division Two.—December 19, 1930.]

In the Matter of the Estate of ANTOINETTA SIMONINI, Deceased. DAVID SIMONINI, Appellant, v. BANK OF ITALY NATIONAL TRUST & SAVINGS ASSOCIATION, Executor, etc., et al., Respondents.

Joseph A. Garry for Appellant.

Robert L. McWilliams for Respondents.

SPENCE, J.—This is an appeal from an order setting apart a probate homestead.

The appellant, as the surviving husband of decedent, petitioned for an order setting apart as a probate homestead certain property alleged by petitioner to be community property of petitioner and decedent. The court found that said property was not community property, but that petitioner and decedent were the owners of said property as tenants in common. It was ordered that the property be set aside to the petitioner as a homestead "for a limited period, to wit: the period of ten (10) years from the date of this order, and that said property so set apart shall belong one-half thereof to said Ottavio Simonini, the surviving husband of said decedent, and one-half thereof to the estate of Antoinetta Simonini, the said decedent, in equal shares".

██ Appellant contends that the court erred in setting apart the homestead for a limited period only. He claims that the uncontroverted evidence shows that the property was community property and not separate property and that it should have been set apart to him absolutely. We find no merit in this contention. On the hearing the only testimony offered by petitioner on this issue was to the effect that the property was acquired after marriage in the name of himself and his deceased wife and was paid for out of the earnings of both. The conveyance presumptively vested an undivided one-half interest in the wife as her separate property. (Civ. Code, sec. 164; *Gilmour* v. *North Pasadena Land & Water Co.*, 178 Cal. 6 [171 Pac. 1066];

*Pabst* v. *Shearer,* 172 Cal. 239 [156 Pac. 466].) ██ The rule is well established by the foregoing cases that the burden was upon the husband to establish that the property was community property. In order to overcome the presumption, it was not only necessary to show that the property was purchased with community funds, but in addition it was necessary to show that there was no intention on the part of the husband to make a gift to the wife. This petitioner failed to do and the court properly found that the property was not community property. The interest of the decedent being in the nature of separate property rather than community property, petitioner was not entitled to have the property set apart to him absolutely but only for a limited period. (Code Civ. Proc., sec. 1468.)

On the hearing of the petition respondents offered no evidence except the judgment-roll in a previous action, which judgment-roll was admitted. In that action appellant had sought to quiet title against respondents to the property involved and judgment had been rendered in favor of respondents and against appellant. In view of our conclusion that appellant was not entitled to have said property set apart absolutely but only for a limited period as ordered by the court, we deem it unnecessary to discuss the effect of this judgment upon the rights of appellant in this proceeding.

The order is affirmed.

Nourse P. J., and Sturtevant, J., concurred.