THE OAKLAND BANK, EXECUTOR OF THE ESTATE OF MARCEL LEMER, DECEASED, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32824.    Promulgated May 15, 1931.

*Marshall Rutherford, Esq.,* for the petitioner.
*Frank T. Horner, Esq.,* for the respondent.

OPINION.

SEAWELL: The provisions of the Federal law applicable to the issue involved are contained in section 302 (a) of the Revenue Act of 1924 and are as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate.

The applicable provisions of the Civil Code of California are found in the following sections:

§ 162. Separate property of the wife. All property of the wife, owned by her before marriage, and that acquired afterwards by gift, bequest, devise, or descent, with the rents, issues, and profits thereof, is her separate property. The wife may, without the consent of her husband, convey her separate property.

§ 164. * * * whenever any property is conveyed to a married woman by an instrument in writing, the presumption is that the title is thereby vested in her as her separate property.

* * * And in case the conveyance is to such married woman and to her husband, or to her and any other person, the presumption is that the married woman takes the part conveyed to her, as tenant in common, unless a different intention is expressed in the instrument, * * *

§ 687. Community property. Community property is property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of either.

The only contentions made by the petitioner are that one-fourth of the total valuation of the real estate conveyed by Porte to the decedent and his wife was her separate property and hence not subject to estate tax and that the sum of $28,039.67 received by her, being one-third of profits or income derived from the partnership laundry operations, was likewise her separate property and not subject to estate tax. The respondent determined that both interests were community property and subject to estate tax.

In our opinion, the decedent's wife, by virtue of the deeds from Porte conveying his half interest in certain real estate to her and her husband, became as to such a tenant in common, as provided by section 164 of the Civil Code of California, and, in the circumstances shown by the evidence in the instant case, the owner, as a separate estate, of an undivided one-fourth interest in such real estate theretofore owned by Porte and her husband.

The purchase from Porte of the real estate in question was made, so the evidence indicates, with community funds and the deeds

thereto were made in the names of the decedent and his wife at his instance. Under such circumstances and in the absence, as here, of a different intention expressed in the deeds, Mrs. Lemer became a tenant in common and is presumed to have acquired her interest as a gift and as a separate estate. Civil Code of California, sec. 164; *Fanning* v. *Green*, 104 Pac. 308. See also *Miller* v. *Brode*, 199 Pac. 531.

The form of the conveyance is itself some evidence of an intent to make such a gift. *Shaw* v. *Bernal*, 163 Cal. 262; 124 Pac. 1012; *Pabst* v. *Shearer*, 172 Cal. 239, 156 Pac. 466. See also *Stafford* v. *Martinoni*, 221 Pac. 919.

The presumption in favor of the wife's separate estate is not overcome by any evidence adduced. It is our opinion, therefore, that the respondent erred in treating said one-fourth interest in real estate as community property and including the value thereof as part of the decedent's gross estate for estate-tax purposes.

We are further of the opinion that the evidence is insufficient to establish the $28,039.67 received by Mrs. Lemer as her share of the profits from the laundry business as her separate property. The mere partnership agreement by which one-third of the profits of the laundry business was paid to Mrs. Lemer did not constitute such her separate estate. The manner in which she and her husband dealt with her checks for such profits, in our opinion, quite clearly indicates that neither considered such profits her separate estate, but that the proceeds of such were intended by both to be community property and as such were properly included in the gross estate of the decedent and subject to estate tax, as determined by the respondent. See *Ida M. Jones, Executrix*, 20 B. T. A. 391; *Agnes Silverberg, Executrix*, 20 B. T. A. 716, and authorities therein cited.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

Morris, Sternhagen, Murdock, and McMahon dissent.