[Civ. No. 1834. First Appellate District.—May 22, 1916.]

PACIFIC PORTLAND CEMENT COMPANY, CONSOLIDATED (a Corporation), Respondent, v. A. W. REINECKE, Appellant.

PROMISSORY NOTE—CONSIDERATION FOR INDORSEMENT—CONTEMPORANEOUS EXECUTION—FINDINGS—PRESUMPTIVE EVIDENCE OF INDORSEMENT.—An indorsement of a promissory note is itself presumptive evidence of a consideration therefor and that it was made contemporaneously with the execution of the note, and such evidence may be resorted to in aid of findings to such effect in an action to recover upon the indorsement, even though such presumption stands alone and is opposed by direct evidence to the contrary.

ID.—EVIDENCE—DISPUTABLE PRESUMPTION—WEIGHT AS AGAINST AD-
MITTED OR PROVED FACT—EXCEPTION.—The general rule that as
against a proved fact, or a fact admitted, a disputable presump-
tion has no weight, is subject to the exception that where an en-
deavor is made to establish a fact contrary to the presumption, the
fact in dispute still remains to be determined upon a consideration
of all the evidence including the presumption.

ID.—ACTION ON INDORSEMENT OF PROMISSORY NOTES—EVIDENCE—
PRESENCE OF NAMES AT TIME OF DELIVERY—UNOBJECTIONABLE
QUESTION.—In an action against the indorser and guarantor of two
promissory notes, a question addressed to a witness for the plain-
tiff as to whether at the time the notes were delivered to him the
names were written on the back of the notes, is not objectionable
as leading and calling for the conclusion of the witness.

ID.—INDORSEMENT OF SURRENDERED NOTES BY DEFENDANT—IMPROPER
CROSS-EXAMINATION.—In such an action there is no error in sus-
taining an objection to a question addressed to a witness for the
plaintiff on cross-examination, as to whether or not the defendant
had indorsed certain notes for the maker of the notes in question,
which were surrendered and canceled upon the execution of the
notes in suit, where nothing had been developed upon the direct
examination of the witness which warranted the testimony.

ID.—INDORSEMENT OF OTHER NOTES—PROPER CROSS-EXAMINATION.—
There is no error in such an action in permitting the defendant
to be cross-examined over objection concerning the fact that he
was indorsing a great many notes for the maker about the time
of the execution of the indorsement and guaranty of the notes in suit,
where he had testified on direct examination that he had indorsed
the notes after their execution and delivery as an accommodation to
the plaintiff.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco, and from an order deny-
ing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

F. H. Dam, for Appellant.

Pillsbury, Madison & Sutro, and Felix T. Smith, for
Respondent.

LENNON, P. J.—On September 24, 1910, the Metropolis
Construction Company executed to the plaintiff two promis-
sory notes for one thousand three hundred and seven dollars
and two thousand dollars, respectively, upon which the plain-

tiff secured a judgment against the defendant, as the guarantor and indorser of the notes, in the sum of $3,680.25, which included interest from the date of the notes. It is an admitted fact in the case that the defendant signed both notes on the back thereof at the same time in the dual capacity of guarantor and indorser.

The plaintiff's complaint sets forth four causes of action. It is conceded that the defendant's general demurrer should have been sustained to the second and fourth counts, upon the ground that they did not state a cause of action. It is not disputed, however, that the remaining counts were proof against demurrer, and sufficient as a matter of pleading to support the judgment if the points made for a reversal—the insufficiency of the evidence and errors of law occurring during the trial—be found untenable. We need not therefore concern ourselves with the error of the trial court in overruling the defendant's demurrer to the second and fourth counts.

The existence and sufficiency of the consideration to support the defendant's guaranty and indorsement of the notes was the paramount issue in the case. Incidentally the pleadings presented the issue as to whether or not the guaranty and indorsement were made contemporaneously with, or subsequent to, the execution of the notes. It was the theory of the defendant's defense to the action that he had made the indorsement and guaranty after the delivery of the notes by the maker to the plaintiff, and that therefore he was but an accommodation indorser; and that, in the absence of a consideration independent of the making of the notes, he was not liable to the plaintiff, the party alleged to have been accommodated. The notes in suit were made and dated September 24, 1910, and the trial court found that upon the execution of the notes, and on the date thereof, the defendant "by a writing upon said promissory note waived demand, notice of nonpayment and protest of said promissory note, and guaranteed the payment thereof and indorsed said promissory note, and thereupon said promissory note was delivered to the plaintiff herein, and the plaintiff accepted the same for a valuable consideration,"—a similar finding being made for each note. This finding we think is sufficiently supported by the evidence. The indorsement itself was presumptive evidence of a consideration therefor, and also of the fact that it

was made at the time and place of making the note.  (Civ. Code, secs. 1614, 1615, 1304; Code Civ. Proc., sec. 1963, subds. 21, 22, 39.)   In addition to this presumptive evidence, the record discloses direct evidence adduced upon behalf of the plaintiff, to the effect that the defendant's name was signed to the indorsement and guaranty upon each of the notes when they were delivered to the plaintiff.   Conceding that it was shown upon cross-examination of the plaintiff's witness that the latter evidence was either without foundation or rested upon hearsay, nevertheless, not having been objected to upon those grounds in the first instance, nor followed by a motion to strike out upon discovery of its defect in either or both particulars, such evidence may be resorted to in support of the findings as made.  (*Morrell* v. *Morgan,* 65 Cal. 575, [4 Pac. 580] ; *Janson* v. *Brooks,* 29 Cal. 214, 223; *Curiac* v. *Packard,* 29 Cal. 194, 197; *Prentice* v. *Miller,* 82 Cal. 570, 572, [23 Pac. 189] ; *Williams* v. *Hawley,* 144 Cal. 97, 102, [77 Pac. 762].)

In further support of the trial court's finding the record shows testimony of the defendant himself, given upon cross-examination, which we think tended to show that the party accommodated was the maker of the note, the Metropolis company, and not the plaintiff.   In this behalf the testimony of the defendant was to the effect that at or about the time of the execution of the notes in controversy he had indorsed a number of other notes for the Metropolis company; that he was a friend of Mr. Emille, who organized the Metropolis company; that the defendant owned stock in the company, and that he indorsed and guaranteed the notes in controversy "to assist Mr. Emille with his business."

The presumptive evidence of the time of the making of the indorsement and guaranty and the consideration therefor, may be resorted to in aid of the findings, even though it be assumed, as counsel for the defendant contends, that it stands alone and was opposed by direct evidence to the contrary. The general rule that as against a proved fact, or a fact admitted, a disputable presumption has no weight, is subject to the exception that where, as in the present case, an endeavor is made to establish a fact contrary to the presumption, the fact in dispute still remains to be determined upon a consideration of all of the evidence including the presumption.  (*People* v. *Milner,* 122 Cal. 171, [54 Pac. 833] ; *Adams*

v. *Hopkins,* 144 Cal. 19, 36, [77 Pac. 712]; *Moore* v. *Gould,* 151 Cal. 723, 726, [91 Pac. 616].)   Therefore, giving all the weight and credence contended for by counsel for the defendant to the evidence adduced in support of the defense made, there still remains a substantial conflict in the evidence which, under the familiar rule, cannot be availed of upon appeal to disturb the findings of the trial court.

The error, if any, in the ruling of the trial court refusing to strike out the answer of a certain witness given in response to a question propounded by the court itself, was, we think, rendered harmless upon further cross-examination of the witness by counsel for the defendant, which called for and elicited a repetition of the testimony now claimed to be immaterial and incompetent.

If the record clearly showed, as counsel for the defendant insists, that the repetition of the testimony complained of was elicited by the further questioning of the court, and not by the further cross-examination of counsel, then of course it would not have been incumbent upon him to make a second objection, and his failure to do so would not be considered as a waiver of the objection previously made.   The record, however, does not so show.   The question complained of appears to have been interjected by the court during the cross-examination, and from the break in the text which appears at the conclusion of the question, the answer, and the motion to strike out, it is fairly inferable that the repetition of the testimony was provoked by the further cross-examination of counsel for the defendant.   In any event, the text of the record upon the point in question is ambiguous; and in the face of such ambiguity it cannot be said that the appellant has sustained the burden which he must assume upon appeal to show prejudicial error in the ruling of the trial court.

The question "At the time the note was delivered to you were those names written on the back?" propounded to the plaintiff's witness, Henderson, was not objectionable upon the grounds that it was leading, and called for a conclusion of the witness.   The mere fact that the question could be answered by "Yes" or "No" did not make it leading (*People* v. *Jones,* 160 Cal. 358, [117 Pac. 176]; and obviously the presence or absence of the names on the note at the time stated called for a fact and not a conclusion; and it is equally obvious that the word "delivered," as employed in the ques-

tion, related to the manual transfer of the note, and did not call for the conclusion of the witness as to whether or not there had been a legal delivery.

There was no error in the ruling of the trial court sustaining an objection to a question put to the witness Henderson upon cross-examination, which called for testimony as to whether or not the defendant had indorsed certain notes of the Metropolis company which had been surrendered and canceled upon the execution of the notes in suit. Up to the time of the ruling complained of, nothing had been developed upon the direct examination of the witness which warranted the cross-examination in question. As the trial court stated when making its ruling, the testimony sought to be elicited by the question objected to would perhaps have been pertinent if counsel for the defendant had not successfully insisted on the striking out of certain testimony elicited upon the direct examination of the witness, to the effect that the credit man of the plaintiff had instructions to accept no notes from the Metropolis company unless indorsed by the defendant, coupled with a waiver of protest signed by him. Not being cross-examination, it is not apparent that the testimony objected to was otherwise relevant or material to the issues raised, either by the pleadings, or the evidence adduced in the case, up to the time of the ruling.

Decidedly different were the circumstances attending the ruling of the trial court permitting the defendant to be cross-examined over objection concerning the fact that he was indorsing a great many notes for the Metropolis company about the time of the execution of the notes and the indorsement and guaranty in suit. In this behalf, the record shows the testimony of the defendant upon direct examination in part to be to the effect that he had indorsed and guaranteed the notes in suit, after their execution and delivery, at the request of an unidentified person who claimed to be the representative of the plaintiff, and that he signed the indorsement and guaranty merely as a matter of accommodation to the plaintiff. It is apparent upon a reading of the entire cross-examination, that the question objected to was intended primarily to be preliminary to other questions, which were designed to discredit the defendant's recollection of the circumstances preceding and attending the presentation of the notes in suit to him for his indorsement and guaranty.

Obviously, therefore, the question complained of was proper cross-examination; and the fact that it may have tended in a measure to support the inference fairly deducible from other evidence in the case that the party accommodated by the indorsement and guaranty was the Metropolis company, and not the plaintiff, did not make it any the less proper cross-examination.

In answer to the suggestion that no foundation was laid for the testimony elicited by the question immediately under consideration, it will suffice to say that if a foundation was necessary the lack of it was not made a ground of the objection.

This in effect disposes of all the points made in the case.

The judgment and order appealed from are affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 20, 1916.