WM. L. SHAYNE, trading and doing business as Dixie Music Company, v. FREDERICK I. SAUNDERS.

176 So. 495.
Division A.
Opinion Filed September 29, 1937.
Rehearing Denied November 5, 1937.

356

*Patterson, Blackwell & Knight,* for Petitioner;
*McKay, Dixon & DeJarnette,* for Respondent.

BUFORD, J.—On writ of certiorari we consider the record made in the Civil Court of Record in and for Dade County, Florida, and reviewed on writ of error by the Judges of the Circuit Court of the Eleventh Judicial Circuit of Florida in and for Dade County.

In the Circuit Court the plaintiff in error filed twenty-four (24) assignments of error. He contends that the Circuit Court considered only one assignment of error and affirmed the judgment. This assumption cannot be indulged. It is the duty of appellate courts to consider the assignments of error as presented by brief prepared in conformity with Rule 20, and it will be presumed, in the absence of contrary affirmative showing by certificate of, the appellate court that the court has performed its duty in this regard and that where a case is affirmed no reversible error has been found by the court and where it is reversed on a stated point, unless the contrary appear in the judgment or by certificate of the appellate court, it will be assumed that all other assignments of error have been examined and found to be without merit.

The question presented based upon the assignments of error upon which one of the Circuit Judges held that the judgment should be reversed, was as follows:

"Does a charge in the trial court, in an automobile collision case, in which the jury is instructed that *even* if they believe from the evidence that plaintiff was driving at a high rate of speed, unless they further believe that the speed of his car *proximately produced or brought about* the collision, plaintiff's conduct does not amount to contributory negligence, violate the law of Florida to the extent that the trial and determination of the cause in accordance with said charge, if followed, would not be in accordance with the essential requirements of law?"

The other two Circuit Judges did not agree with the one who thought the judgment should be reversed and Judge Atkinson prepared an opinion which was concurred in by Judge Barns, as follows:

"A careful reading of the bill of exceptions shows there

was ample evidence for the plaintiff to sustain the verdict of the jury. The charge requested by the plaintiff referred to in Judge Trammell's opinion is not altogether in proper form, but the error, if any, is merely technical and certainly was overcome by the requested charges of defendant, twenty-nine in number, all of which were given by the court, the majority being upon the subject of contributory negligence.

·"The Harmless Error Statute, Section 4499, C. G. L., is as follows: 'No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." (Compiled General Laws of Florida, 1927.)

"Under the Florida law as laid down by this statute it would be error in my opinion to reverse a judgment based upon a verdict of a jury for the sole reason that there was a technical error in a charge to the jury requested by counsel for the plaintiff, when the error, if any, had been fully overcome by counteracting instructions. Our own Supreme Court holds that 'charges that are not technically accurate will not cause a reversal where correct charges are given on the point and it appears that no injury could reasonably have resulted from the technical inaccuracy." (See Florida East Coast R. Co. v. Lassiter, 52 So. 975, 59 Fla. 246).

"In my opinion the judgment of the court below should be affirmed.

"And it is so ordered.

"This April 14th, 1936."

The charge complained of was in the following language:

"I charge you further, gentlemen of the jury, that even if you believe that Mr. Saunders was operating his car at a high rate of speed, unless you further believe that the rate of speed at which his car was being operated *proximately produced or brought about the collision,* then I charge you that his conduct in so driving *does not constitute contributory negligence,* and that in spite of his conduct under such circumstances he would be entitled to recover if you believe from the evidence that the defendant's truck was being operated negligently."

This charge must be considered along with other charges given. We find from the record that the trial court charged the jury in this connection, as follows:

"In order for the plaintiff, Frederick I. Saunders, to recover in this action, it is necessary for you to find, to your satisfaction and from a preponderance of the evidence, that the defendant was negligent in some manner in connection with said plaintiff's damage and that such negligence on the part of the defendant was the proximate cause and the sole cause which brought about and produced the damages which the said plaintiff complains of. Your attention is called to the pleas of the defendant in each of these cases, charging the plaintiffs, respectively, with having, by some alleged negligent act on their part, considered separately, contributed proximately to the bringing about or causing the injuries and damages of which they complain in these two suits. These pleas of contributory negligence are affirmative pleas, and the burden of proving them rests upon the defendant."

"Now, with reference to the plaintiff, Frederick I. Saunders, you are charged that if you find from the evidence

that he contributed by any negligent act on his part, as set out by the defendant in either one of the defendant's pleas of contributory negligence, in the case brought by the said Frederick I. Saunders, to bringing about or proximately contributing to the bringing about and causing of the collision out of which grew the damages of which he complains in his case, then it would be your duty to find a verdict for the defendant in the case brought by the said Frederick I. Saunders."

"You are instructed that contributory negligence in its legal significance is such an act or omission on the part of the plaintiff amounting to a want of ordinary care and prudence as occurring or cooperating with some negligent act of the defendant, was the proximate cause of the collision which resulted in the injuries or damages complained of. It may be described as such negligence on the part of the plaintiff, if found to exist, as helped to produce the injury or the damage complained of, and if you find from a preponderance of all the evidence in either one of these cases that the plaintiff in such case was guilty of any negligence that helped proximately to bring about or produce the injuries of which such plaintiff complains, then and in that case the plaintiff cannot recover."

And then, on the request of the defendant, charged the jury as follows:

"It is the law of this State that if an injured person has failed to exercise ordinary care and caution to keep a lookout ahead while operating an automobile; or has failed to exercise ordinary care and caution by listening for approaching vehicles; or has failed to exercise ordinary care and caution in proceeding at a high and dangerous rate of speed; or who has failed to exercise ordinary care and caution in proceeding across a traveled highway under such

conditions that danger to himself or others might reasonably have been anticipated; or who has otherwise failed to use and exercise reasonably the senses of a normal person, when by so doing his injury might have been avoided, his own negligence, if it has contributed in any manner whatever, even to the slightest extent, in producing the injury, prevents his recovery."

"You are further instructed that the driver of an automobile on a public highway is required to use due care in the operation of such motor vehicle, so as to prevent injury to himself and others, and is required by law to operate his car as a reasonably careful and prudent person would under the same or similar circumstances. If you find from the evidence that the plaintiff did not operate his car in a reasonably careful and prudent manner, taking into consideration all the circumstances, and that the failure of the plaintiff to operate his automobile in a reasonably careful and prudent manner contributed materially to the occurrence, it is immaterial whether the plaintiff's failure in the premises was slight or great, relatively, and your verdict must be for the defendant."

Numerous other charges to like effect were given at the request of the defendant.

So it appears that even if the charge complained of was not as clear as it might have been, any infirmity was fully cured by instructions given thereafter at the request of the defendant.

It, therefore, appears that the opinion prepared by Judge Atkinson and concurred in by Judge Barns, found ample support in the record.

The charges requested by the defendant were sufficient to fully explain the meaning of the words "Proximately produced or brought about the collision."

Mere proof of negligence in cases like this will not bar recovery. The negligence must be a contributing cause to the injury. Contributory negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection and which, as a legally contributory cause, cooperates with the negligence of defendant in bringing about the plaintiff's harm.

A plaintiff who has been guilty of negligence may be barred from recovery for a harm caused by such negligence, but he is barred by such negligence only in cases where the harm was in part occasioned by his failure to conform to proper standards of care under circumstances amounting to a legal invasion of the opposite party's legal rights at the time. American Law Institute Restatement Law of Negligence, par. 469, page 1239.

In every case where contributory negligence is the issue, it must not be overlooked that such a plea admits the negligence of the defendant pleading it and is therefore a plea in confession and avoidance. Such a plea puts upon the pleader the burden of making his avoidance as broad in law as his confession, which means that the pleader of contributory negligence must assume the burden of showing not only that plaintiff was guilty of negligent exposure of himself to danger, or of a failure to exercise reasonable care for his own protection, but that such conduct on his part was a substantial factor in bringing about (causing to happen) the particular harm sued for. A. L. I. (Negligence) par. 468, page 1237.

We have examined the other questions presented and deem it unnecessary to say more than that the record fails to disclose that in the rendition of the judgment the Judges of the Circuit Court acting as an appellate tribunal failed to observe the essential requirements of the law.

The writ of certiorari heretofore issued should be quashed and the cause dismissed.

It is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and CHAPMAN, J., concur in the opinion and judgment.

BROWN, J., concurs specially.

BROWN, J. (concurring specially).—I concur in the opinion and decision in this case, except the first quotation from paragraph 469 of the American Law Institute's Restatement of the Law of Negligence, wherein it is stated that where a defendant pleads contributory negligence on the part of the plaintiff he must not only show that the "harm" was in part occasioned by plaintiff's failure to conform to proper standards of care, but must show that such failure took place "under circumstances amounting to a legal invasion of the opposite party's legal rights at the time." This last clause may be founded upon sound principles, but I am not yet convinced that it is good law in this State, nor am I convinced that the approval of this clause is necessary to the decision of this case.