**SHANAHAN v. SOUTHERN PAC. CO.**

No. 12593.

United States Court of Appeals
Ninth Circuit.

April 13, 1951.

Hadsell, Murman & Bishop, San Francisco, Cal., for appellant.

A. B. Dunne, Louis L. Phelps and Dunne & Dunne, all of San Francisco, Cal., for appellee.

Before ORR, POPE and HASTIE,* Circuit Judges.

POPE, Circuit Judge.

Ellis E. Shanahan, of Anderson, California, was struck and killed by a train operated by appellee, Southern Pacific Company, at a railroad crossing at that place. His widow and heir sued appellee, a Delaware corporation, to recover for the alleged wrongful death. The widow appeals from the judgment entered upon a verdict for the defendant.

The cause was submitted to the jury upon the assumption that there was some evidence to disclose failure of a wig-wag crossing signal, and failure of the enginemen on the train to give warning of his approach, as Shanahan drove his automobile across the tracks. There were several eyewitnesses of the accident, two of whom were in an automobile closely following that of Shanahan, and who, when called as witnesses for plaintiff, described in considerable detail just how Shanahan approached the crossing.

Some of the evidence of these and other witnesses would tend to indicate that Shanahan, who was familiar with the crossing, continued to approach the tracks after he came within full view of the approaching train, and while he yet had opportunity to stop in a safe place. The answer alleged both contributory negligence on the part of Shanahan, and that his negligence was the sole cause of his death.

The first specification of error, and the one most strenuously urged, relates to the giving of the following instruction: "The law presumes that Ellis E. Shanahan, now deceased, in his conduct at the time of and immediately preceding the accident in question, was exercising ordinary care and was obeying the law. This presumption is a form of prima facie evidence and will support findings in accordance therewith in the absence of evidence to the contrary. Other evidence, if any, which the jury finds conflicts with such presumption must be weighed by the jury against the presumption, and any evidence which may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to and in accordance with the Court's instructions as to the burden of proof.

"You are instructed that such a presumption cannot stand in the face of testimony which overcomes it. If the presumption has been overcome by testimony it passes out of the case. In addition, this presumption exists only in the absence of proof of the facts. If in this case you determine from the evidence what the facts and circumstances of this accident were, and what the person injured actually did, then you must determine whether or not he exercised the care and vigilance for his own safety which the circumstances required, by a consideration of the facts as you find them, and without regard for any presumption that care was exercised. If you find the actual fact as to what the person who was injured did, there is no room for any presumption as to what he did or for any presumption that he exercised care."

Appellant contends that the second paragraph of the quoted instruction is in conflict with the first portion, and was erroneous in stating that "such a presumption cannot stand in the face of testimony which overcomes it," that when so overcome "it passes out of the case", and that the presumption "exists only in the absence of proof of the facts." Particular exception is taken to the requirement that the question of the *injured* person's care must be answered by a consideration of the facts

* Third Circuit, sitting by special designation.

found by the jury "without regard for any presumption that care was exercised".

Appellant's argument upon this point is to the effect that this instruction unduly limited the operation of the presumption of due care. Says appellant: the presumption does not "pass out of the case merely because of testimony produced by appellee which may have been considered to have conflicted with it. The presumption has the dignity of evidence and thus creates a conflict with any evidence to the contrary."

We think that by this instruction the jury were told of the presumption, that it is a form of evidence which they must weigh, along with other evidence in the case, for the purpose of .determining what decedent actually did; and that once the jury find the facts in this manner, and conclude that the presumption has been overcome, then it passes out of the case.[1]

We believe the instruction given here would not convey to the jury any different meaning than the instruction approved in Westberg v. Willde, 14 Cal.2d 360, 364, 94 P.2d 590, 593, as follows: "The presumption is that every man obeys the law, and the presumption in this case is that the plaintiffs' son, Morris E. Westberg, was traveling at a lawful rate of speed, and on the proper side of the highway at all times. This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until, and unless it is overcome by satisfactory evidence."

As there indicated, the rule thus stated had many times been approved by the California Supreme Court, and such an instruction adjudged proper, particularly in a case where the person whose contribu-

tory negligence is in issue is deceased, or unable to testify. See Westberg v. Willde, supra, 14 Cal.2d at page 367, 94 P.2d at page 594.

It is true that as first given, that part of the instruction to the effect that the presumption "exists only in the absence of proof of the facts", might have been construed to be contrary to some of the things said in Smellie v. Southern Pacific Co., 212 Cal. 540, 299 P. 529, 533.[2]

But after the jury had been recalled and instructed, as requested by appellant, that a presumption may be controverted by other evidence, "but unless so controverted the jury is bound to find in accordance with the presumption",[3] we think there was no longer any possibility of the jury construing the instruction as meaning anything other than what was said in the above quoted instruction in the Westberg case.

Appellant argues that what this court said in United States v. Fotopulos, 9 Cir., 180 F.2d 631, requires a holding here that the instruction in question was erroneous. In that case the district court had awarded damages against the United States under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), 2671–2680, on account of the alleged wrongful death of plaintiff's decedent. Death was claimed to have been caused by the negligent operation of an army truck which collided with a car in which decedent was riding. The only question before this court with respect to the claim that there was contributory negligence on the part of decedent was whether the district court's findings of want of such negligence were based upon sufficient evidence.

---

1. After the parties had stated their objections to the court's charge, the jury were recalled, and given additional instructions which included the following: "A presumption is a deduction which the law expressly directs to be made from particular facts, unless declared by law to be conclusive, it may be controverted by other evidence, direct or indirect; but unless so controverted the Jury is bound to find in accordance with the presumption."

2. As, for example, the statement quoted on page 550 of 212 Cal. from Pacific Port-

land Cement Co. v. Reinecke, 30 Cal.App. 501, 158 P. 1041, that "The general rule that as against a proved fact, or a fact admitted, a disputable presumption has no weight, is subject to the exception that where, as in the present case, an endeavor is made to establish a fact contrary to the presumption, the fact in dispute still remains to be determined upon a consideration of all of the evidence including the presumption."

3. Supra, note 1.

This court held that the findings were sustained, partly because the presumption of due care "comes to the aid of the plaintiff". The case did not deal with the propriety of any jury instructions, for the case was tried by the court. In pointing out that the presumption creates a conflict with any evidence to the contrary, this court said: "and it is sufficient to support the verdict of a jury or the finding of a court unless overcome by irrefutable evidence". Appellant contends that language to that effect should have been incorporated in the instruction here in question.

An examination of the reminder of the paragraph in which this language is used will disclose that this court was there dealing with a wholly different question, namely, whether the presumption had any bearing whatever in that case. This is apparent, from the language there quoted from the case of Mar Shee v. Maryland Assur. Corp., 190 Cal. 1, 8–9, 210 P. 269, 272, 273. In that case the California court pointed out that in some cases the presumption has no weight whatever, whereas in other cases the presumption must be weighed along with the evidence in the case in order to arrive at the ultimate fact. The court called attention to this distinction in the following language: "There is a third group of cases which recognize the rule that, 'as against a proved fact, or a fact admitted, a disputable presumption has no weight,' but hold also that—'Where * * an endeavor is made to establish a fact contrary to the presumption, the fact in dispute still remains to be determined upon a consideration of all of the evidence including the presumption.'" The California court then went on to discuss the question of when a fact is "proved" so that the presumption has no weight, in language which this court quoted in dealing with the claim in the Fotopulos case that the presumption of due care should there have no weight whatever.[4] But here, in our view, there was no occasion for the court to expound any such proposition to the jury, and we think it was proper for the court to tell the jury, as it substantially did, that the presumption had the force and effect of evidence, that the jury must weigh it along with other evidence in order to arrive at a conclusion as to what transpired, and that the presumption stands until overcome by testimony.[5]

We are unable to find any prejudicial error in the challenged instruction, or that it operated to deny appellant any substantial right. Fed.Rules Civ.Proc. rule 61, 28 U.S.C.A.; Title 28 U.S.C.A. § 2111.

Appellant claims error on the part of the trial court in striking from the record certain testimony offered by the appellant in rebuttal and at first received over appellee's objection. Appellee had called as a witness its signal maintainer who testified that he had inspected the wigwag signal each working day for a period of two weeks prior to the accident, that he again inspected the signal about two hours after the accident, and that on all those occasions the signal was working properly. On cross examination, over appellee's objection, the witness testified that for the period of several years during which he had been maintaining signals in that district he had never seen this signal out of order. He replied in the negative when asked if the signal had been out of operation an entire day three or four months be-

4. The language quoted from the Mar Shee case was: " * * * a fact is proved as against a party when it is established by the uncontradicted testimony of the party himself or of his witnesses, under circumstances which afford no indication that the testimony is the product of mistake or inadvertence; and that, when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case."

5. The language in the Westberg case, supra, was: "This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until, and unless it is overcome by *satisfactory evidence*." (Emphasis added.) We think that in the circumstances here, the substitution of the word "testimony" for the words "satisfactory evidence", did not materially alter the meaning. Nor do we think it misleading that the instruction given referred to the "person injured" instead of to the "decedent".

fore the accident. On rebuttal, appellant called a witness who testified that on an occasion which he estimated to be thirty days prior to the accident, he had observed the signal when the Company's signal maintainer was testing it, and that while it was thus being tested, "I don't remember the exact time or date, never paid particular attention to its position, but I have seen him take the signal and test it where it wouldn't be centered and would stick to one side or the other and wouldn't come back." This testimony was stricken by the court, which instructed the jury to disregard it.

There is no doubt that evidence of a prior condition or tendency of a machine or apparatus may be admissible to establish what its condition was at a later time,[6] but it is elementary that in order that such evidence be receivable it must be shown that the conditions under which the device operated at the prior time are substantially similar to those prevailing at the later time in question.[7] It is also essential as a condition to the receipt of such evidence that there should have been no intervening occurrence changing or altering the conditions observed at the prior time.

The trial judge properly found the stricken evidence not logically relevant to establish any material fact. What the signal did while the maintainer was tinkering with it for the purpose of testing would have no tendency to show that it would not operate properly upon the approach of a train. The testimony also showed without contradiction that the maintainer had tested the signal each working day for the

fourteen days prior to the accident which would tend to negative its having remained in the same condition that it was in at the time as to which the witness testified. Since the evidence was not logically relevant to establish any fact in issue, it was not admissible by way of impeachment of the signal maintainer's testimony that he had never observed the signal out of order. The witness may not be thus impeached by contradiction upon a collateral matter.[8]

It is urged that the court erred in repetitively concluding many paragraphs of the charge to the jury with the words "then your verdict must be in favor of defendant", or words of similar import, following sundry paragraphs in which the court recounted findings which would call for a verdict in favor of the defendant. This assignment is without merit. The Judge carefully instructed the jury that he expressed no opinion as to the facts or the evidence, and said: "Nor do I wish you to understand or conclude from anything I may have said during the trial, or in the course of my instructions, that I have intended directly or indirectly to indicate any opinion on my part as to the facts or as to what I think your finding should be." No objection was made to the charge upon this ground. Rule 51, F.R.C.P.

The attempted assignment as error of the order denying appellant's motion for a new trial is but an attempt to repeat the other assignments previously mentioned. It does not comply with the requirements of Rule 20(d) of this court and does not merit consideration.

The judgment is affirmed.

6. Wigmore, Evidence, Third Ed., § 437.

7. Cf. Wilkerson v. City of El Monte, 17 Cal.App.2d 615, 618, 62 P.2d 790, 792; Lever Bros. Co. v. Atlas Assur. Co., 7 Cir., 131 F.2d 770, 777; Manney v. Hous-ing Authority, 79 Cal.App.2d 453, 464, 180 P.2d 69.

8. Wigmore, Evidence, Third Ed., § 1003; Steinberger v. California Electric Garage Co., 176 Cal. 386, 393, 168 P. 570, 573.