Claud W. NESBIT, Appellant,

v.

W. O. EVERETTE, Appellee.

No. 16123.

United States Court of Appeals
Fifth Circuit.

March 29, 1957.

**60**

C. I. Carey, St. Petersburg, Fla., Carey & Harrison, St. Petersburg, Fla., for appellant.

Vernon W. Evans, Jr., Tampa, Fla., Shackleford, Farrior, Shannon & Stallings, Tampa, Fla., of counsel, for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

This is an appeal from a judgment entered on a jury verdict for defendant, in a suit by the appellant to recover for injuries suffered by him and for the death of his wife in an automobile accident. Aside from a challenge to the verdict as against the weight of the evidence the principal complaints are of several alleged errors involving the court's instructions to the jury.

In another decision in this case, 227 F. 2d 157, this Court held that the district court had erred in an earlier trial in granting defendant's motion for a directed verdict at the close of plaintiff's case, since whether the evidence showed that plaintiff was guilty of contributory negligence should have been left to the jury. The pertinent facts are stated in that opinion from the viewpoint most favorable to the plaintiff.

In brief, it appears that just before the accident defendant's trailer truck was experiencing motor trouble and the driver started to pull off the road onto the wide shoulder; however, while four or five feet of the trailer were still extending into the road the tractor became unable to pull the load any further and the driver then stopped the motor, aroused his dozing helper, and both got out to warn traffic. Defendant's witness, the helper, asserts that the accident happened before any warning signals could be put out on the road, though it is not clear whether the truck carried those required by law. Plaintiff testified that he was proceeding at his usual rate of speed for clear night driving, at 45–50 miles per hour, when he was disturbed by the lights of an oncoming car; he signalled for low lights by momentarily changing his own, whereupon the approaching lights were flashed on still brighter; temporarily blinded, he started to answer his wife's question about a man at the side of the road, and immediately thereafter he collided with the back of the trailer before he had seen it for more than a fraction of a second. To the moment of impact he had not reduced his speed.

At the outset we must reject appellant's contention that the jury's verdict was "against the manifest weight of the evidence" and "against the relevant principles of law." It is clear that in considering such a challenge both the trial and the appellate court must consider the evidence in the light most favorable to the prevailing party, here the

defendant. Considered in that manner the jury's verdict can be supported on several possible grounds: (1) as a determination that defendant's driver was not culpably negligent if his truck had indeed just broken down before he could pull entirely off the highway and if the collision occurred before he and his assistant could put out the required warning lights; (2) as a finding that plaintiff was contributorily negligent in not reducing his speed when first disturbed and then blinded by the lights of the approaching car or perhaps in driving at an excessive rate of speed as asserted by one of appellee's witnesses.

Appellant's remaining challenges relate to various asserted errors in the court's charge to the jury or in failing to include instructions requested by him.

■ Appellant complains that the trial judge erred in over-emphasizing the factor of contributory negligence in the charge, by referring to it about twenty-five times and by repetitiously restating the rule that plaintiff could not recover if the jury found him guilty of such negligence, and that the Florida Supreme Court in a recent case has held that the prejudicial effect of such a repetition may entitle plaintiff to a new trial. Butz v. Rineheart, 88 So.2d 125. However, it appears from the record that appellant did not object to this feature of the charge before the jury retired to consider its verdict, as required by Rule 51, Fed.Rules Civ.Proc., 28 U.S.C.A., and thus he may not now assign this point as error. Cf. Shanahan v. Southern Pac. Co., 9 Cir., 188 F.2d 564, 568. Moreover, a reading of the entire charge convinces us that there was no misleading emphasis to the substantial detriment of the plaintiff, though perhaps the extra admonition following the reading of a statutory passage to the jury might have been omitted [1]; in some of the enumerated instances the court, as a matter of fact, only referred to contributory negligence to emphasize that the defendant had the burden of proof with respect to it. Even had a timely objection been made and refused by the trial court, we would be unable to base a reversal on this point in view of the provisions of Rule 61 and of 28 U.S.C.A. § 2111, which bids us to disregard harmless errors.

Appellant also urges that the district court erred by charging that plaintiff could not recover by reason of his contributory negligence if his neglect "approximately and substantially" or "in any appreciable degree" contributed to the accident, since the interchangeable use of these and similar phrases by the court did not make it clear to the jury that for contributory negligence to be a bar it must be a proximate cause of the accident. Again it appears that no objection was made to this feature of the charge and again a reading of the entire charge shows that the court several times carefully indicated that only such of plaintiff's negligence should be considered by the jury as proximately contributed to the causation of the accident, and only in the more incidental references are the terms now objected to used; we do not believe that these could have misled the jury.

■ Appellant urges that the district court erred in its charge relative to the "range of vision rule" and the Florida 350 foot headlight requirement in that the instructions so commingled and confused the two principles of law that the jury was led to believe that the rules were synonymous or complementary and that they together obligated plaintiff to see anything within 350 feet

---

1. Appellant's one exception to the *inclusion* of any particular matter in the charge reads as follows:

"Yes, sir. I don't know just how to designate it, but the plaintiff excepts to the Judge's charge contained in that part of the charge immediately following the reading of the statute from the volume of the statutes of Florida, of the Florida Statutes, F.S.A., in response to an interrogation from one of the jurors, the said charge being at or near the end of the complete charge."

This objection clearly does not meet the standard of Rule 51 which requires a party to state "distinctly the matter to which he objects and the grounds of his objection."

from where he was at any time, day or night—and thus plaintiff would be guilty of contributory negligence even if he failed to see a perfectly concealed or camouflaged object. Though this objection is now set forth in the brief at great length no timely mention of it was made to the trial court; a careful reading of the charge and of the objection to it does not persuade us that the jury could reasonably have been confused by the two rules on the basis of this charge—particularly since the court was dealing with matters basically familiar to most of them. The other labored complaints under this head are equally lacking in substance in view of the court's charge that the burden of proof on contributory negligence was on the defendant and of the charge on sudden emergencies.[2] The court also adequately set forth the statutory requirements controlling both the operation of the truck and of the car.

Appellant also complains of the charge on "sudden emergencies" set forth above, in that it allegedly does not adequately set forth plaintiff's contention that at the time he was blinded "he did not have time to do anything" before the instant of the crash. We do not see how this instruction was at all misleading or hurtful to plaintiff; as a matter of fact at the conclusion of the charge only the defendant made any objection to this instruction.

■ Appellant urges that the district court erred in refusing to give his requested charge to the effect that if the jury found the defendant guilty of wanton or willful negligence then plaintiff's contributory negligence would not constitute a defense. We agree with the trial judge that there was no evidence here

of willfulness or wantonness for it appears that the truck had just stopped because of a mechanical breakdown; at most the jury could have found simple negligence in that the truck was permitted to break down at all, in that the trailer was not pulled entirely off the road, or in some unjustified delay in setting out the required signals. Appellant's reliance on Byrd v. Connelly, D.C. N.D.Fla., 117 F.Supp. 820, is misplaced for there it appears that the driver deliberately parked his truck on the highway for several minutes, without setting out signals, in order to light his pipe. For the same reason the district court did not err in refusing to charge the jury that they could award punitive damages if they found defendant guilty of willful or wanton negligence.

Appellant objects to the rejection of the last paragraph of the following requested instruction:

"I further charge you, gentlemen of the jury, that the defendant in this case has filed a plea which is designated as a plea of contributory negligence and that means that the defendant says the plaintiff can't recover for any of his injuries because he himself was guilty of negligence.

"In this connection I charge you that a plaintiff who has been guilty of negligence, if any, is barred from recovery only where the harm was in part occasioned by his failure to conform proper standards of care [sic] under circumstances amounting to a legal invasion of the defendant's legal rights at the time.

"I further charge you that as a matter of law, it is not contributory negligence to fail to look out for

2. This charge, discussed several times in appellant's brief, reads as follows:
  "The law in Florida is that when a person is suddenly confronted with an emergency or placed in an emergency, which he is reasonably free from fault in bringing about, then he is not required to use that degree of prudence or care which would otherwise be required if he had had time and opportunity to delib-

erate and consider. In this case if the jury find that the plaintiff was suddenly blinded by the light of an oncoming car, and the jury further find that he was free from fault, reasonably free from fault in bringing on the emergency, then he would not be required to use the same degree of care as he might have been required to use had he had time to deliberate."

danger where there is no reason to apprehend any."

The first paragraph of this request adds nothing to what the court had already charged and it is phrased somewhat deceptively to suggest that a defensive plea of contributory negligence is an admission of negligence; the second paragraph is entirely incorrect for the negligence that would bar plaintiff's recovery is disregard for his own safety and not necessarily such as threatens to invade any of defendant's legal rights.[3] Thus at most the final paragraph states a correct principle of law, which, however, it was not reversible error for the court to refuse to give since it was joined in the request with at least one obviously incorrect statement, Beaver v. Taylor, 93 U.S. 46, 54, 23 L.Ed. 797; Baltimore & Ohio R. Co. v. Felgenhauer, 8 Cir., 168 F. 2d 12, 18. In any case we do not see how the excluded principle would be applicable to the instant case: even though a motorist may assume that others too will obey the law, no one driving down a highway at night at 50 miles per hour can be assured that there is no need to look ahead merely because the law requires the highway to be clear

Finally, appellant objects to the court's refusal to give the following charge:

"I further charge you, gentlemen of the jury, that the purpose of the statutes and laws of the State of Florida which I have heretofore given to you is to keep a road free and clear of hazards and dangerous obstructions, to require adequate and appropriate warning in case of their unavoidable presence, to protect life, limb and property, and to promote safety upon the public highway generally.

"I further charge you, gentlemen of the jury, that the plaintiff in this case, Claud W. Nesbit, had the right to assume that the defendant, W. O. Everette [sic], would observe the laws of the State of Florida with reference to display warning lights, and under the law, he Claud W. Nesbit, owed W. O. Everette [sic], the defendant, no duty other than to drive the usual way and to exercise reasonable care and caution."

This requested instruction is again phrased misleadingly to lead the jury to consider the irrelevant issue of plaintiff's possible violation of a duty toward the defendant rather than the alleged violation of the relevant duty to care for his own safety; the suggestion that plaintiff may drive in the "usual way" might also be confusing in view of the court's previous correct instructions as to plaintiff's duty to reduce speed or otherwise take care when blinded by oncoming lights. Appellant thus cannot object to the rejection of some unobjectionable portions of the requested charge, Beaver v. Taylor, supra; Baltimore & Ohio R. Co. v. Felgenhauer, supra. In any case we do not see how the refusal to give the relevant and correct portions of the above charge substantially injured the plaintiff (as required for reversal by Rule 61, and by 28 U.S.C.A. § 2111), in view of the tenor and contents of the entire charge.

None of appellant's assignments of error having any substantial merit, the judgment of the district court must be affirmed.

---

3. "Contributory negligence is conduct on the part of a plaintiff which falls below the standard *to which he should conform for his own protection*, and which, as a legally contributory cause, cooperates with the negligence of defendant in bringing about the plaintiff's harm." (Emphasis added.) Shayne v. Saunders, 129 Fla. 355, 176 So. 495, 498; see also 38 Am.Jur., Negligence § 181 at 859; 65 C.J.S., Negligence, § 116, p. 706.