# Third District Court of Appeal

## State of Florida

Opinion filed April 2, 2025.

_____

Nos. 3D22-1323 & 3D22-2238
Lower Tribunal Nos. 22-4881 & 20-1911

_____

**940 Ocean Drive, LLC,**

Appellant,

vs.

**Sobe USA, LLC,**

Appellee.

Appeals from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Dentons US LLP, and Angel A. Cortiñas, for appellant.

Shutts & Bowen LLP, and Ricky L. Polston (Tallahassee), and Steven M. Ebner, and Julissa Rodriguez, and Jamie B. Wasserman; Wolfe Law Miami, P.A., and Richard C. Wolfe; Steinberg & Associates, P.A., and Richard Steinberg, for appellee.

Before LOGUE, C.J., and LINDSEY, and BOKOR, JJ.

PER CURIAM.

ON MOTION FOR REHEARING AND CLARIFICATION

Appellant 940 Ocean Drive, LLC (the "Landlord") has filed a Motion for Rehearing and Clarification seeking an adjudication of the trial court's Fee Judgment, which awarded Appellee Sobe USA, LLC (the "Tenant") fees and costs through June 30, 2022.[1] The Fee Judgment was predicated on the trial court's Sanctions Order, which this Court affirmed.

The Landlord contends that we overlooked the Fee Judgment. We did not. The Fee Judgment was affirmed without discussion. See, e.g., Shayne v. Saunders, 176 So. 495, 496 (Fla. 1937) ("[W]here a case is affirmed no reversible error has been found by the court, and where it is reversed on a stated point, unless the contrary appear in the judgment or by certificate of the appellate court, it will be assumed that all other assignments of error have been examined and found to be without merit."). We therefore deny the Landlord's Motion for Rehearing and Clarification.

We do, however, briefly write to address the parties' disagreement as to the scope of this Court's decision with respect to the amount of the punitive damages award. Because the Tenant did not establish at trial, by clear and convincing evidence, entitlement to punitive damages, we reversed the punitive damages award and remanded for further proceedings. See § 768.725, Fla. Stat. (2024). Under the burden-shifting sanction, the Tenant

---

[1] According to the Fee Judgment, the parties stipulated to the amount of fees through June 30, 2022.

did not meet its burden in the context of punitive damages, we therefore reversed as to entitlement. But the same logic necessarily applies for the punitive damages amount. Therefore, while we take no position on the propriety of any particular amount, the amount awarded here suffered from the same procedural flaw as the entitlement portion. So, the further proceedings contemplated in the opinion would, in context, include a retrial on both entitlement to punitive damages as well as amount.

Motion denied.